ROBERT K. CARROL (SBN 81277)
PAUL R. LYND (SBN 202764)
LYNN R. FIORENTINO (SBN 226691)
**ARENT FOX LLP**
55 Second Street, 21st Floor
San Francisco, CA 94105
Telephone:    (415) 805-7973
Facsimile:    (415) 757-5501
robert.carrol@arentfox.com
paul.lynd@arentfox.com
lynn.fiorentino@arentfox.com

ROGER M. MASON (SBN 107486)
KURT E. WILSON (SBN 121163)
**SWEENEY, MASON, WILSON & BOSOMWORTH**
A Professional Law Corporation
983 University Avenue, Suite 104C
Los Gatos, CA 95032-7637
Telephone:    (408) 356-3000
Facsimile:    (408) 354-8839
rmason@smwb.com
kwilson@smwb.com

Attorneys for Defendant
RFI ENTERPRISES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN PETERS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>RFI ENTERPRISE, INC., a California Corporation; and DOES 1 through 50 inclusive,<br><br>Defendants. | CASE NO.:<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§§ 1331, 1441(b), 1446, and 1446** |

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§§ 1331, 1441(b), and 1446          1

AFDOCS/16060183.1

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, TO PLAINTIFF BRIAN PETERS AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant RFI ENTERPRISES, INC. removes Case No. 18CV324215 from California state court, in the Santa Clara County Superior Court, to the United States District Court for the Northern District of California, and as grounds for removal states as follows:

1.  On March 5, 2018, Plaintiff Brian Peters commenced an action in the Superior Court of the State of California in and for the County of Santa Clara, entitled *Brian Peters, an individual v. RFI Enterprises, Inc., a California corporation, and Does 1 through 50, inclusive*, Case No. 18CV324215. A true and correct copy of the Summons and Complaint is attached as **Exhibit A.** A true and correct copy of the following documents served concurrently with the Summons and Complaint are attached as **Exhibit B**: Civil Cover Sheet; Civil Lawsuit Notice; Notice of Related Case; and Guidelines for Motions Relating to Class Certification.

2.  Defendant was effectively served with the Summons and Complaint and above-referenced case-initiating documents on April 10, 2018, pursuant to California Code of Civil Procedure Section 415.30(c). A true and correct copy of the Notice and Acknowledgement and Receipt for the documents is attached as **Exhibit C.**

3.  This case is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1331. This case may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. section 1441(b) based on federal question jurisdiction, because Section 301 of the Labor Management Relations Act ("LMRA") preempts Plaintiff's claims under California law. While employed with Defendant, Plaintiff was a member of the National Electronic Systems Technicians Union, with Plaintiff and Defendant subject to a valid collective bargaining agreement ("CBA").

4.  In this action, Plaintiff alleges that Defendant violated various California Labor Code sections by allegedly (a) failing to timely pay wages to employees in alleged violation of

AFDOCS/16060183.1

Labor Code section 204; (b) failing to calculate the correct regular rate of pay by not including all remuneration in the regular rate, including non-discretionary pay such as wage premiums and shift differential pay, allegedly resulting in unpaid overtime in violation of Labor Code Sections 510, 558, and 1194; and (c) failing to provide accurate wage statements in alleged violation of Labor Code Section 226(a). Plaintiff seeks civil penalties for these alleged violations under the Labor Code Private Attorneys General Act ("PAGA"). *See* Cal. Labor Code § 2698 *et seq.* He purports to bring each of his claims on behalf of himself, as well as allegedly "aggrieved employees," consisting of all current and former non-exempt employees of Defendant in the State of California who were employed at any time from December 28, 2016 through the present.

5. Effective December 1, 2016, a valid CBA was in effect governing the claims asserted in the Complaint. It governed overtime wages, overtime rates, and when wages were due during the relevant period for Plaintiff and Defendant's non-exempt employees. A true and correct copy of the CBA is attached as **Exhibit D**.

6. Although Plaintiff seeks civil penalties for alleged violations of the Labor Code, Plaintiff's right to overtime wages, the applicable rate, and the timing of wage payments all depend on, and arise from, the governing CBA or require its interpretation. Thus, determining whether there was any underlying violation triggering civil penalties or otherwise is an issue inextricably intertwined with the CBA and substantially dependent upon it.

7. On March 6, 2018, the Honorable Brian C. Walsh of the Santa Clara County Superior Court issued an Order Deeming Case Complex and Staying Discovery. A true and correct copy of the Order is attached as **Exhibit E**.

8. On May 9, 2018, Defendant filed an Answer to the Complaint. A true and correct copy of the Answer is attached as **Exhibit F**.

## FEDERAL QUESTION JURISDICTION UNDER 28 U.S.C. § 1331

9. Congress may so completely preempt a particular area of law, so that any civil complaint raising this select group of claims is necessarily federal in character. The United

States Supreme Court has singled out claims pre-empted by Section 301 of the LMRA for such special treatment. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987).

10.    Preemption under Section 301 may exist regardless of whether Plaintiff only alleges state law claims. *Associated Builders & Contractors, Inc. v. Local 302 Int'l Bhd. of Elec. Workers*, 109 F.3d 1353, 1357 (9th Cir. 1991).    Because complete preemption often applies to complaints drafted to evade federal jurisdiction, a federal court may look beyond the four corners of the complaint to determine whether the claims alleged as state law causes of action in fact are necessarily federal claims under the LMRA. *Parrino v. FHP, Inc.*, 146 F.3d 699, 704 (9th Cir.1998).

11.    The Ninth Circuit has articulated a two-part test to determine whether a cause of action is preempted by the LMRA. *Burnside v. Kiewit Pacific Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007).    First, the court must determine "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA.    If the right exists solely as a result of the CBA, then the claim is preempted, and . . . analysis ends. . . . If, however, the right exists independently of the CBA, [the court] must still consider whether it is nevertheless substantially dependent on analysis of a collective-bargaining agreement.    If such dependence exists, then the claim is preempted by section 301; if not, then the claim can proceed under state law." *Id.* at 1059–60.

12.    Plaintiff's claim seeking civil penalties for the timing of wage payments is not independent of the CBA.    It does not depend on California law.    Section 4.7 of the CBA provides when wages shall be paid; it is a provision that also requires interpretation.    California Labor Code section 204(c) provides an exemption from California's wage payment timing requirements when a collective bargaining agreement provides otherwise.    Because California Labor Code section 204(c) applies, and the provisions of the CBA and the interpretation of them govern whether there was any underlying violation, the timing requirements for wage payments stem from the CBA.    As a result, Plaintiff's claim concerning the timing of wage payments is completely preempted under Section 301. *Burnside*, 491 F.3d at 1059.

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§§ 1331, 1441(b), and 1446    4

13.    Plaintiff's claims for civil penalties based on the alleged failure to pay overtime also is not independent of the CBA.  To the contrary, Plaintiff's overtime wages and rates were governed directly by the applicable CBA - not state law.[1]  Because California Labor Code Section 514 applies, any right to overtime (including the applicable rates, and what constitutes the "regular rate" for overtime purposes) stems from the CBA.  As a result, Plaintiff's claims are completely preempted under Section 301. *Burnside*, 491 F.3d at 1059.[2]

14.    Plaintiff's claims are also substantially dependent on the subject CBA, and inextricably intertwined with that contract, providing a separate basis for LMRA preemption. *See id.* A state law claim will be preempted if it is so "inextricably intertwined" with the terms of a labor contract that its resolution will require judicial interpretation of those terms. *Raphael v. Tesoro Ref. & Mktg. Co. LLC*, No. 2:15-CV-02862-ODW EX, 2015 WL 3970293, at *3 (C.D. Cal. June 30, 2015). Courts have long recognized that "the pre-emptive force of § 301 is so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 23 (1983).

15.    It is well-established in the Ninth Circuit that a defendant may remove a case alleging wage and hour violations to federal court based on preemption under Section 301 of the LMRA if the state law claim is substantially dependent on an analysis or interpretation of a CBA. *Firestone v. Southern Calif. Gas Co.*, 219 F.3d 1063, 1066-1067 (9th Cir. 2000)(finding that state-law claim would require interpretation of CBA and thus was preempted by LMRA § 301); *Raphael*, 2015 WL 3970293, at *7 (concluding that plaintiff's claims under Calif. Labor Code §§ 510 and 512(a) are "substantially dependent on [the] analysis of a [CBA]" and are preempted by LMRA § 301); *Coria v. Recology, Inc.*, 63 F. Supp. 3d 1093, 1096-1100 (N.D. Cal.

---

[1] Under California Labor Code Section 514, an employee is exempt from the state's overtime provisions in Labor Code Section 510 when "a valid collective bargaining agreement expressly provides for the wages, hours of work, and working conditions of the employee and if the agreement provides for premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage."

[2] Plaintiff's civil penalty claims for alleged itemized wage statement violations are derivative of his overtime claim.

AFDOCS/16060183.1

2014)(holding that § 301 preempted the plaintiff's claims under Calif. Labor Code §§ 510 and 512(a) because deciding if the exemptions applied required interpreting the CBA.)

16.     The Court's determination of whether there was an underlying violation triggering PAGA civil penalties – particularly whether Defendant failed to pay overtime wages and the applicable rate – will require interpretation of the applicable CBA, including but not limited to Sections 4.1, 4.2, 4.3, 4.7, and Addendum A to the CBA.  Analysis of Plaintiff's claims requires a calculation based on the number of hours the employee worked in a workday and workweek, what constitutes overtime and the number of "overtime" hours, the applicable rates, and the applicable premium rate.  Among other terms requiring judicial interpretation, the CBA at issue does not define "regular rate," requiring interpretation of that term, along with several other terms to determine the proper overtime premium rate.  *See* **Exhibit D**, § 4.3.

17.     Accordingly, Plaintiff's action is removable to federal court based on preemption under Section 301 of the LMRA.

**ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED**

18.     Pursuant to 28 U.S.C. section 1446(a), a true and correct copy of all the process, pleadings, orders, and documents from the state court action which have been served upon Defendant are being filed with this Notice of Removal.

19.     This Notice of Removal has been filed within 30 days of the date that Defendant has been served with the Summons and Complaint in this matter.  Removal is therefore timely pursuant to 28 U.S.C. section 1446(b).

20.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(b) and 1446(a) because the District Court for the Northern District of California is the federal judicial district embracing Santa Clara County, where the state court action was originally filed.

21.     By this Notice of Removal, Defendant does not waive any objections it may have as to service, jurisdiction, venue, or any other defenses or objections it may have to this action. Defendant intends no admission of fact, law or liability by this Notice, and expressly

///

reserves all defenses, motions and/or pleas.

Dated: May 10, 2018                                    **ARENT FOX LLP**


                                        By:_____ /s/ Lynn R. Fiorentino
                                              ROBERT K. CARROL
                                              PAUL R. LYND
                                              LYNN R. FIORENTINO
                                              Attorneys for Defendant
                                              RFI ENTERPRISES, INC.

---

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§§ 1331, 1441(b), and 1446          7

AFDOCS/16060183.1

EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>RFI ENTERPRISES, INC., a California corporation; and DOES 1 through 50, inclusive,<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>BRIAN PETERS, an individual, | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br><br>E-FILED<br>3/5/2018 9:12 AM<br>Clerk of Court<br>Superior Court of CA,<br>County of Santa Clara<br>18CV324215<br>Reviewed By: R. Walker<br>Envelope: 1275851 |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | CASE NUMBER:<br>*(Número del Caso)*<br>**18CV324215** |
|---|---|

Superior Court of California, County of Santa Clara
191 N. First Street, San Jose, CA 95113

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kristen Agnew (SBN 247656)/Diversity Law Group,515 S. Figueroa St. #1250,LA, CA 90071,213-488-6555

| DATE:<br>*(Fecha)* 3/5/2018 9:12 AM | Clerk of Court | Clerk, by<br>*(Secretario)* | R. Walker | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

E-FILED
3/5/2018 9:12 AM
Clerk of Court
Superior Court of CA,
County of Santa Clara
18CV324215
Reviewed By: R. Walker

Larry W. Lee (State Bar No. 228175)
Kristen M. Agnew (State Bar No. 247656)
Nicholas Rosenthal (State Bar No. 268297)
Kwanporn Tulyathan (State Bar No. 316704)
**DIVERSITY LAW GROUP, P.C.**
515 S. Figueroa Street, Suite 1250
Los Angeles, CA 90071
(213) 488-6555
(213) 488-6554 facsimile

William L. Marder, Esq. (State Bar No. 170131)
**Polaris Law Group LLP**
501 San Benito Street, Suite 200
Hollister, CA 95023
Tel: (831) 531-4214
Fax: (831) 634-0333

Attorneys for Plaintiff
Brian Peters

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SANTA CLARA

| | |
|---|---|
| BRIAN PETERS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>RFI ENTERPRISES, INC., a California corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.  **18CV324215**<br><br>**PRIVATE ATTORNEYS GENERAL ACT COMPLAINT**<br><br>**(1) VIOLATION OF LABOR CODE § 2699.3, *ET SEQ.***<br><br>**DEMAND OVER $25,000** |

-1-

COMPLAINT FOR DAMAGES

Plaintiff Brian Peters ("Plaintiff") hereby submits this Complaint ("Complaint") against Defendant RFI Enterprises, Inc. ("Defendant" or "RFI Enterprises") and Does 1 through 50 (hereinafter collectively referred to as "Defendants") on behalf of himself and the State of California and other aggrieved employees of Defendants for penalties as allowed under the Private Attorney General Act ("PAGA"), as follows:

## INTRODUCTION

1. This action is within the Court's jurisdiction under California Labor Code sections 204, 226, 510, 558, 1194 and 2698 *et seq.* and the applicable Wage Orders of the California Industrial Welfare Commission ("IWC").

2. This complaint challenges systemic illegal employment practices resulting in violations of the California Labor Code against individuals who worked for Defendants.

3. Plaintiff is informed and believes, and based thereon alleges, that Defendants, jointly and severally, have acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees by failing to pay wages to employees.

4. Plaintiff is informed and believes, and based thereon alleges, that Defendants have engaged in, among other things a system of willful violations of the California Labor Code by creating and maintaining policies, practices and customs that knowingly deny employees the above stated rights and benefits.

5. The policies, practices and customs of defendants described above and below have resulted in unjust enrichment of Defendants and an unfair business advantage over businesses that routinely adhere to the strictures of the California Labor Code.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over the violations of the California Labor Code sections 204, 226, 510, 558, 1194 and PAGA.

7. Venue is proper in Santa Clara County because Plaintiff worked at Defendants' location in San Jose, California, which is located in the County of Santa Clara.

## PARTIES

8. Plaintiff was hired as a non-exempt employee at Defendants' location in San Jose,

-2-

California.

9. Plaintiff was and is the victim of the policies, practices, and customs of Defendants complained of in this action in ways that have deprived them of the rights guaranteed by California Labor Code sections 204, 226, 510, 558, 1194 and PAGA.

10. Plaintiff is informed and believes, and based thereon alleges, that Defendant RFI Enterprises, Inc. is a California corporation, which operates manufacturing locations throughout the United States, including locations in the State of California and in the County of Santa Clara.

11. Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned defendant Does 1 through 50, are and were corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California. As such, and based upon all the facts and circumstances incident to Defendants' business, Defendants are subject to California Labor Code sections 204, 226, 510, 558, 1194 and PAGA.

12. Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the defendants sued herein as Does 1 through 50, inclusive, and for that reason, said defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this complaint when the true names and capacities are known. Plaintiff is informed and believes and based thereon alleges that each of said fictitious defendants was responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

13. At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named defendant; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

14. Plaintiff is informed and believes, and based thereon alleges, that at all times material hereto, each of the Defendants named herein was the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-Defendants and was acting

-3-

COMPLAINT FOR DAMAGES

within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

15. At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

16. At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged. At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

## PAGA ALLEGATIONS

17. Throughout Plaintiff's employment with Defendants, Defendants failed to pay all wages in a timely manner. Although Defendants' paid wages on a weekly basis, the wages were paid more than seven days after the close of the payroll period. For example, Defendants paid wages earned during the pay period of February 26 to March 4 on March 13, 2017. Similarly, Defendants paid wages earned during the pay period of March 5 to March 11 on March 20, 2017. Thus, Plaintiff and other employees were paid some nine days after the close of the payroll period.

18. Defendants failed to pay Plaintiff and other non-exempt California employees overtime wage at the correct rate of pay. In particular, during Plaintiff's employment with Defendants, he worked overtime and earned non-discretionary remuneration, including wage premiums and shift differential pay, in the same pay period. Defendants, however, failed to include these non-discretionary wages into the calculation of Plaintiff's regular rate of pay when paying overtime wages. Consequently, Defendants paid Plaintiff and other non-exempt California employees overtime wages at the incorrect, lower rate of pay.

-4-

19.     As a further result of such violations, the overtime rates of pay, as well as the gross and net wages earned as reflected on the employees' itemized wage statements were inaccurately identified. Specifically, because of the miscalculation and under payment of overtime pay, the wrong rate of overtime pay was listed, and the gross and net wages earned identified on the wage statements did not accurately reflect correct amount of wages that should have been paid had the overtime rate of pay been accurately calculated.

20.     As a result of the aforementioned policies and practices of Defendants, Plaintiff and other employees were routinely denied the full amount of their wages. Plaintiff was and is the victim of the policies, practices, and customs of Defendants complained of in this action in ways that have deprived him of his rights guaranteed by California Labor Code sections 204, 226, 510, 558, 1194 and PAGA.

## FIRST CAUSE OF ACTION

### VIOLATION OF LABOR CODE § 2698, *ET SEQ.*

### (AGAINST ALL DEFENDANTS BY PLAINTIFF, ON BEHALF OF THE STATE OF CALIFORNIA, AND THE AGGRIEVED EMPLOYEES)

21.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 20 as though fully set forth herein.

22.     Plaintiff brings this cause of action, as a proxy for the State of California, and in this capacity, seeks penalties on behalf of all Aggrieved Employees from December 28, 2016, through the present, for Defendants' violations of Labor Code sections 204, 226, 510, 558 and 1194.

23.     As alleged herein, Defendants uniformly administered a corporate policy, practice of: (a) failing to timely pay wages to its employees, in violation of Labor Code section 204; (b) failing to correctly calculate the regular rate of pay by not including all remuneration in the regular rate, including non-discretionary pay such as wage premiums and shift differential pay, in violation of Labor Code sections 510, 558 and 1194; and (c) failing to provide proper payroll records in violation of Labor Code section 226(a). Because of Defendants' violation of the Labor Code sections identified, Plaintiff is an "aggrieved employee" as defined in Labor Code section

-5-

COMPLAINT FOR DAMAGES

2699(a).

24.     On December 28, 2017, Plaintiff provided written notice to the California Labor & Workforce Development Agency of Defendants' violations of Labor Code sections 204, 226, 510, 558 and 1194, pursuant to Labor Code section 2699 *et seq.* As of the date of the filing of this Complaint, the LWDA has yet to provide notice as to whether it intends to investigate the labor code violation provided for in the written notice of Plaintiff.

25.     Pursuant to Labor Code section 2699(a), Plaintiff and the Aggrieved Employees seek recovery of all applicable civil penalties, including interest thereon, attorneys' fees, and costs of suit according to the mandate of PAGA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment for himself and all others on whose behalf this suit is brought against Defendants, jointly and severally, as follows:

1.     Upon the First Cause of Action, for civil penalties according to proof pursuant to Labor Code section 2698, *et seq.*, and for costs and attorneys' fees; and

2.     For such other and further relief the Court may deem just and proper.

DATED: March 5, 2018                              DIVERSITY LAW GROUP, P.C.

By:

Kristen M. Agnew
Attorneys for Plaintiff

-6-

COMPLAINT FOR DAMAGES

EXHIBIT B

CM-010

| | FOR COURT USE ONLY |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Larry W. Lee (SBN 228175) / Kristen M. Agnew (State Bar No. 247656)<br>DIVERSITY LAW GROUP<br>515 S. Figueroa Street, Suite 1250<br>Los Angeles, California 90071<br>TELEPHONE NO.: (213) 488-6555    FAX NO.: (213) 488-6554<br>ATTORNEY FOR *(Name):* Plaintiff Brian Peters | **E-FILED**<br>**3/5/2018 9:12 AM**<br>**Clerk of Court** |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara<br>STREET ADDRESS: 191 N. First Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: San Jose, CA 95113<br>BRANCH NAME: Downtown Superior Court | **Superior Court of CA,**<br>**County of Santa Clara**<br>**18CV324215**<br>**Reviewed By: R. Walker** |
| CASE NAME:<br>Brian Peters v. RFI Enterprises, Inc. | **Envelope: 1275851** |

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ✓ **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | **Limited**<br>(Amount<br>demanded is<br>$25,000 or less) | **Counter**  **Joinder**<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | **18CV324215**<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- Auto (22)
- Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- Asbestos (04)
- Product liability (24)
- Medical malpractice (45)
- Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- Business tort/unfair business practice (07)
- Civil rights (08)
- Defamation (13)
- Fraud (16)
- Intellectual property (19)
- Professional negligence (25)
- Other non-PI/PD/WD tort (35)

**Employment**
- Wrongful termination (36)
- ✓ Other employment (15)

**Contract**
- Breach of contract/warranty (06)
- Rule 3.740 collections (09)
- Other collections (09)
- Insurance coverage (18)
- Other contract (37)

**Real Property**
- Eminent domain/Inverse condemnation (14)
- Wrongful eviction (33)
- Other real property (26)

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38)

**Judicial Review**
- Asset forfeiture (05)
- Petition re: arbitration award (11)
- Writ of mandate (02)
- Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- Antitrust/Trade regulation (03)
- Construction defect (10)
- Mass tort (40)
- Securities litigation (28)
- Environmental/Toxic tort (30)
- Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- RICO (27)
- Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- Partnership and corporate governance (21)
- Other petition *(not specified above)* (43)

2. This case ✓ is ▢ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ▢ Large number of separately represented parties
   b. ✓ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ✓ Substantial amount of documentary evidence
   d. ✓ Large number of witnesses
   e. ▢ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ▢ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ✓ monetary   b. ▢ nonmonetary; declaratory or injunctive relief   c. ▢ punitive
4. Number of causes of action *(specify):* One (1)
5. This case ✓ is ▢ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 5, 2018

Kristen M. Agnew

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |
|---|---|---|

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

**Envelope: 1276059**

**ATTACHMENT CV-5012**

## CIVIL LAWSUIT NOTICE

CASE NUMBER: **18CV324215**

*Superior Court of California, County of Santa Clara*
*191 N. First St., San Jose, CA 95113*

## READ THIS ENTIRE FORM

*PLAINTIFFS* (the person(s) suing): Within 60 days after filing the lawsuit, you must serve each defendant with the *Complaint*, *Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

*DEFENDANTS* (The person(s) being sued): You must do each of the following to protect your rights:

1. You must file a **written response** to the *Complaint*, in the Clerk's Office of the Court, within **30 days** of the date the *Summons* and *Complaint* were served on you;
2. You must send a copy of your written response to the plaintiff; and
3. You must attend the first Case Management Conference.

Warning: If you do not do these three things, you may automatically lose this case.

---

*RULES AND FORMS:* You must follow the California Rules of Court (CRC) and the Santa Clara County Superior Court Local Civil Rules and use proper forms. You can get legal information, view the rules and get forms, free of charge, from the Self-Service Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm
- Rose Printing: 408-293-8177 or becky@rose-printing.com (there is a charge for forms)

For other local legal information, visit the Court's Self-Service website www.scselfservice.org and select "Civil."

*CASE MANAGEMENT CONFERENCE (CMC):* You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.*

---

*Your Case Management Judge is:* **Hon. Brian C. Walsh**                    *Department:* **1**

*The 1st CMC is scheduled for:* (Completed by Clerk of Court)

Date: **7/6/2018**          Time: **10:00 am** in Department **1**

*The next CMC is scheduled for:* (Completed by party if the 1st CMC was continued or has passed)

Date: _____          Time: _____ in Department _____

---

*ALTERNATIVE DISPUTE RESOLUTION (ADR):* If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

**CIVIL LAWSUIT NOTICE**

18CV324215
Santa Clara – Civil

R. Tien

**CM-015**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Nicholas Rosenthal (State Bar No. 268297)<br>DIVERSITY LAW GROUP, P.C.<br>515 S. Figueroa Street, Suite 1250<br>Los Angeles, CA 90071<br>TELEPHONE NO.: 213-488-6555   FAX NO. *(Optional)*. 213-488-6554<br>E-MAIL ADDRESS *(Optional)*: nrosenthal@diversitylaw.com<br>ATTORNEY FOR *(Name)*: Plaintiff Brian Peters | FOR COURT USE ONLY<br>**Electronically Filed<br>by Superior Court of CA,<br>County of Santa Clara,<br>on 3/16/2018 12:37 PM<br>Reviewed By: R. Tien<br>Case #18CV324215<br>Envelope: 1319415** |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara<br>STREET ADDRESS: 191 N. First Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: San Jose, CA 95113<br>BRANCH NAME: | |
| PLAINTIFF/PETITIONER: Brian Peters | CASE NUMBER:<br>18CV324215 |
| DEFENDANT/RESPONDENT: RFI Enterprises, Inc. | JUDICIAL OFFICER:<br>Hon. Brian C. Walsh |
| **NOTICE OF RELATED CASE** | DEPT.:<br>1 |

*Identify, in chronological order according to date of filing, all cases related to the case referenced above.*

1.  a.  Title: Brian Peters v. RFI Enterprises, Inc.

    b.  Case number: 5:18-cv-01187-HRL

    c.  Court: ☐ same as above

        ☑ other state or federal court *(name and address)*: CA Northern District, 280 South 1st St., San Jose

    d.  Department: 3

    e.  Case type: ☐ limited civil ☑ unlimited civil ☐ probate ☐ family law ☐ other *(specify)*:

    f.  Filing date: 1/12/18

    g.  Has this case been designated or determined as "complex?"  ☑ Yes  ☐ No

    h.  Relationship of this case to the case referenced above *(check all that apply)*:

        ☑ involves the same parties and is based on the same or similar claims.

        ☑ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

        ☐ involves claims against, title to, possession of, or damages to the same property.

        ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

        ☐ Additional explanation is attached in attachment 1h

    i.  Status of case:

        ☑ pending

        ☐ dismissed ☐ with ☐ without prejudice

        ☐ disposed of by judgment

2.  a.  Title:

    b.  Case number:

    c.  Court: ☐ same as above

        ☐ other state or federal court *(name and address)*:

    d.  Department:

Form Approved for Optional Use<br>Judicial Council of California<br>CM-015 [Rev. July 1, 2007] **NOTICE OF RELATED CASE** Cal. Rules of Court, rule 3.300<br>www.courtinfo.ca.gov

**CM-015**

| | CASE NUMBER: |
|---|---|
| PLAINTIFF/PETITIONER: **Brian Peters** | 18CV324215 |
| DEFENDANT/RESPONDENT: RFI Enterprises, Inc. | |

2. *(continued)*

   e. Case type: ☐ limited civil ☐ unlimited civil ☐ probate ☐ family law ☐ other *(specify):*

   f. Filing date:

   g. Has this case been designated or determined as "complex?" ☐ Yes ☐ No

   h. Relationship of this case to the case referenced above *(check all that apply):*

      ☐ involves the same parties and is based on the same or similar claims.

      ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

      ☐ involves claims against, title to, possession of, or damages to the same property.

      ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

         ☐ Additional explanation is attached in attachment 2h

   i. Status of case:

      ☐ pending

      ☐ dismissed ☐ with ☐ without prejudice

      ☐ disposed of by judgment

3. a. Title:

   b. Case number:

   c. Court: ☐ same as above

      ☐ other state or federal court *(name and address):*

   d. Department:

   e. Case type: ☐ limited civil ☐ unlimited civil ☐ probate ☐ family law ☐ other *(specify):*

   f. Filing date:

   g. Has this case been designated or determined as "complex?" ☐ Yes ☐ No

   h. Relationship of this case to the case referenced above *(check all that apply):*

      ☐ involves the same parties and is based on the same or similar claims.

      ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

      ☐ involves claims against, title to, possession of, or damages to the same property.

      ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

         ☐ Additional explanation is attached in attachment 3h

   i. Status of case:

      ☐ pending

      ☐ dismissed ☐ with ☐ without prejudice

      ☐ disposed of by judgment

4. ☐ Additional related cases are described in Attachment 4. Number of pages attached: _____

Date: 3/16/18

Nicholas Rosenthal

(TYPE OR PRINT NAME OF PARTY OR ATTORNEY)                        (SIGNATURE OF PARTY OR ATTORNEY)

**GUIDELINES FOR MOTIONS RELATING TO CLASS CERTIFICATION**

**DEPARTMENTS 1 AND 5 – COMPLEX CIVIL LITIGATION**

The party moving for or against class certification must present in the moving papers admissible evidence, as required by applicable law, establishing that the elements for certification are, or are not, present.

All facts other than purely rebuttal matters upon which the moving party will rely in the hearing must be set out in evidence submitted with the notice of motion and moving papers.

Each party should address all elements relevant to deciding the appropriateness of class certification. The list of elements set forth below is offered by the Court as a general summary and is not intended to supplant substantive law.

1. Commonality and Predominance
   a. The class definition, including a statement of criteria that putative class members must possess to be eligible for class membership
   b. A description/definition of proposed subclasses, if any
   c. Those issues of law which are common to all class members
   d. Those issues of law which are unique to one or more class members but which must be presented at trial. In describing these unique issues of law, the segments of the class to which they are applicable should be described with a statement of the number within the class to whom each unique issue applies
   e. Whether, and if so how, common issues of law predominate
   f. Those issues of fact which are common to all class members
   g. Those issues of fact which are unique to one or more class members but which must be presented at trial. In describing these unique issues of fact, the segments of the class to which they are applicable should be described with a statement of the number within the class to whom each unique issue applies
   h. Whether, and if so how, common issues of fact predominate
   i. Conflicts, if any, between class members
2. Ascertainability
   a. The manner in which and the time when the individual class members will be identified if such identification is contemplated
3. Numerosity
   a. The approximate number of persons in the class, and if there are subclasses, the approximate number of persons in each subclass
   b. The basis for the above approximations
   c. The general geographic location[s] of the class members. If the class is not confined to the state of California, the description should include those locations outside California where class members are located
   d. Whether, and if so why, joinder is impracticable
4. Typicality
   a. Why the claims and status of each of the proposed class representative[s] are typical of those of the proposed class or of the proposed subclass

b. Factual and/or legal differences, if any, in the representative's status as a class member and those of any other persons within the class. If there are subclasses, a factual statement of the subclass of which the representative is a member

c. Unique legal and/or factual issues, if any, pertaining to the representative[s] which must be litigated

d. Conflicts, if any, between the class representative[s] and the class members

5. Adequacy

a. The adequacy of class counsel, including the ability of class counsel to represent class members with conflicting claims or interest

b. The adequacy of the class representative[s], including the ability of the class representative[s] to serve as fiduciaries for class members with conflicting or inconsistent claims or interests

c. The issues of law and/or fact which must be litigated between class members

6. Substantial Benefits/Superiority

a. Procedures alternative to a class action which might be used to adjudicate the issues involved in the action

b. Why a class action is, or is not, procedurally superior to each alternative procedure, unless superiority is not an element of certifying that cause of action, including a discussion of the ability of the Court to manage the alternative proceedings in relation to its ability to manage the conduct of the class action

c. Whether there are substantial benefits to the Court, the parties, and/or the public to proceeding as a class action

7. Notice

a. Counsel requesting class certification should provide specifics regarding necessary notice to class members and the methods proposed for giving notice.

EXHIBIT C

**POS-015**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Kristen Agnew (State Bar No. 247656)<br>Diversity Law Group, P.C.<br>515 S. Figueroa Street, Suite 1250<br>Los Angeles, CA 90071<br>TELEPHONE NO.: 213-488-6555      FAX NO. *(Optional)*: 213-488-6554<br>E-MAIL ADDRESS *(Optional)*: kagnew@diversitylaw.com<br>ATTORNEY FOR *(Name)*: Plaintiff Brian Peters | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, California 95113
BRANCH NAME:

PLAINTIFF/PETITIONER: Brian Peters

DEFENDANT/RESPONDENT: RFI Enterprises, Inc.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>18CV324215 |
|---|---|

TO *(insert name of party being served)*: RFI Enterprises, Inc., a California corporation

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: March 21, 2018

Olympia Peña
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. [✓] A copy of the summons and of the complaint.
2. [✓] Other *(specify)*:

Civil Case Cover Sheet; Civil Lawsuit Notice; Order Deeming Case Complex and Staying Discovery; Guidelines for Motions Relating to Class Certification; Notice of Related Case

*(To be completed by recipient)*:

Date this form is signed: April 10, 2018

Roger M. Mason, Esq.
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)
Counsel for RFI Enterprises, Inc.

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

# EXHIBIT D

Case 5:18-cv-02771-BLF　　Document 1　　Filed 05/10/18　　Page 26 of 64

# AGREEMENT

# Entered into December 1, 2016

## Between

# RFI COMMUNICATIONS & SECURITY SYSTEMS

# AND

# N.E.S.T.U.
# National Electronic Systems Technicians Union

## Effective
## December 1, 2016 until November 30, 2020

# INDEX

## ARTICLE I

Page #

3 . . . Section 1.1  Term of Agreement.

3 . . . Section 1.2  Change or Termination.

3 . . . Section 1.3  No Strike or Lockout.

3 . . . Section 1.4  Grievance and Arbitration Procedure.

5 . . . Section 1.5  Agreement Amendments.

## ARTICLE II

6 . . . Section 2.1  Non-Contracting by Employees.

6 . . . Section 2.2  Equal Terms.

6 . . . Section 2.3  New Employees.

7 . . . Section 2.4  Union Membership.

7 . . . Section 2.5  Employer Defined.

7 . . . Section 2.6  Mutual Assistance.

8 . . . Section 2.7  Union Access.

8 . . . Section 2.8  Inspection of Records.

8 . . . Section 2.9  Safety.

8 . . . Section 2.10 Uniforms.

8 . . . Section 2.11 Tools.

9 . . . Section 2.12 External Work Activity.

9 . . . Section 2.13 Work by Management Employee.

9 . . . Section 2.14 Employee Complaint.

9 . . . Section 2.15 Management Rights.

10 . . . Section 2.16 Recognition.

10 . . . Section 2.17 Scope of Work.

## ARTICLE III

11 . . . Section 3.1  Seniority.

11 . . . Section 3.2  Probationary Period.

11 . . . Section 3.3  Termination of Seniority.

12 . . . Section 3.4  Discharge for cause.

## ARTICLE IV

Page #

13 . . . Section 4.1 Work Day – Work Week Hours.

13 . . . Section 4.2 Shift Work.

14 . . . Section 4.3 Overtime and Penalty Rates.

14 . . . Section 4.4 Special Work Week (Tuesday through Saturday)

14 . . . Section 4.5 Report Time.

14 . . . Section 4.6 Callback.

15 . . . Section 4.7 Wages.

15 . . . Section 4.8 Holidays.

15 . . . Section 4.9 Holiday Payment.

15 . . . Section 4.10 PTO (Paid Time Off).

16 . . . Section 4.11 PTO Period.

16 . . . Section 4.12 Scheduling of PTO.

16 . . . Section 4.13 PTO Payment.

16 . . . Section 4.14 Bereavement Leave.

17 . . . Section 4.15 Health and Welfare.

17 . . . Section 4.16 Failure to Remit Contributions.

18 . . . Section 4.17 Non-Liability for Benefits.

18 . . . Section 4.18 Apprenticeship and Journeyman Training Trust.

## ARTICLE V

19 . . . Section 5.1 Travel Time.

19 . . . Section 5.2 Use of Employee Vehicle.

19 . . . Section 5.3 Subsistence.

## ARTICLE VI

20 . . . Section 6.1 Separability.

21 /22. Addendum "A"   Wages By Classification and Effective Dates.

23 . . . Addendum "B"   Health & Welfare Benefits Provision.

24 . . . Addendum "C"   New Hires.

25 . . . Addendum "D"   Employee Retirement Contribution.

26 . . . . . Addendum "E" Tool List

ii

## AGREEMENT

This AGREEMENT entered into this 1st day of December, 2016, between the **National Electronic Systems Technicians Union,** hereinafter called the **"Union"** and **RFI Communications and Security Systems.,** hereinafter called the **"Employer".** The term "Employer" shall also mean an individual firm who has been recognized by being signatory to an assent to this Agreement. Nothing in this Agreement is intended to, nor shall it extend to any other Employer, employee, or scope of work of any firm, regardless of its affiliation or ownership, by an assenting Employer to this Agreement, unless such Employer specifically and expressly assents to this Agreement on behalf of such other firm.

## BASIC PRINCIPLES

The Employer and the Union have a common and sympathetic interest in the Electrical, Electronic and Audio-Visual Industry. Therefore, a working system and harmonious relations are necessary to improve the beneficial relationship between the Employer, the Union and the public. The Union recognizes the desirability of dealing with reputable, competitive and stable Employers. The Employer recognizes the responsibility of supply the public with economically competitive services performed by experienced personnel who can effectively install, service and maintain installations of an efficient and safe manner. All will benefit by continuous peace, by adjusting any differences by rational, common sense, methods. The Employer and the Union agree not to discriminate against any employee, or applicant for employment, because of race, color, religion, ancestry, sex or national origin, in connection with employment, upgrading, demotion or transfer or recruitment advertising, rates of pay or other forms of compensation, layoff or termination or the selection for training, including apprenticeship.

2

**ARTICLE I**

Section 1.1 Term of Agreement.

This Agreement shall take effect December 1, 2016, and shall remain in effect until November 30, 2020. It shall continue in effect from year to year thereafter, from December 1 to November 30 of each year, unless changed, or amended, or terminated, in any way later provided herein.

Section 1.2 Change or Termination.

Each party desiring to change, amend, or terminate this Agreement must notify the other in writing at least ninety (90) days prior to November 30, 2020. When notice of amendment is given, the nature of the changes must be specified in the notice. It is the intent of the parties to conclude negotiations by November 1, 2020. The Employers' position proposal at that time shall then be submitted to the Union for determination. If the proposal is rejected, the Union and the Employer may by mutual consent submit those points in dispute for Arbitration, as provided under this Article. If there is no mutual consent to refer the points in dispute for Arbitration, the Employer and the Union shall continue to negotiate on the unresolved points until the Agreement expires.

Section 1.3 No Strike or Lockout.

During the term of this Agreement, there shall be no stoppage, slowdown or disruption of work either by strike or lockout because of any dispute over matters relating to this Agreement. All such matters shall be considered arbitrable and shall be settled in accordance with the grievance and arbitration procedures set forth herein.

Section 1.4 Grievance and Arbitration Procedure.

A.    Grievances arising pursuant to this Agreement must set forth in writing, with copies addressed to the duly authorized representatives of each of the parties to this Agreement, within thirty (30) days of the occurrence, or knowledge of occurrence, the substance of any such act or omission giving rise to such grievance. In cases of a continuing violation or

3

violations, the grieving party may recover damages for only ninety (90) days preceding the filing of the grievance.

B.      In the event of any dispute between the parties to this Agreement, as to the rights and/or obligations under this Agreement, a representative of the Union and a representative of the Employer shall immediately be notified and every possible effort shall be made by these two representatives to settle the dispute before subsequent provisions of this section are invoked. This meeting is to take place within five (5) days of the filing of the grievance.

C.      In the event that a dispute is not settled under paragraph B, it shall be referred to a Joint Conference Committee composed of three (3) representatives of the Union and three (3) representatives of the Employer. Said Committee shall meet within five (5) working days following receipt of written notice to the Union and the Association from either of the parties to the dispute. The Joint Conference Committee reserves the right to make a final decision in any dispute and the final interpretation of any of the provisions to this Agreement. Four members of the Committee, two from each of the parties hereto, shall be a quorum for the transaction of business. All matters coming before the committee shall be decided by a majority vote.

D.      In the event a dispute is not satisfactorily settled within five (5) working days after having first been considered by such Joint Conference Committee, the Union, or the Employer, may elect to submit such dispute or grievance to impartial arbitration by notifying the other party in writing to that effect. The Union and the Employer shall thereupon select a disinterested person to act as an impartial arbitrator to resolve such dispute or grievance. If the Union and the Employer cannot agree upon such impartial arbitrator within ten (10) working days after a grievance or dispute has been referred to impartial arbitration, then such impartial arbitrator shall be selected from a list of five (5) arbitrators to be furnished by the Federal Mediation and Conciliation Service or the American Arbitration Association; said selection to be effected by the parties alternately striking names from such list and the person whose name remains on the list shall be the impartial arbitrator. Such selection of the impartial arbitrator shall be effected within five (5) working days after receipt of the list from the Federal Mediation and Conciliation Service or the American Arbitration Association.

E.      The arbitrator, so selected, shall be immediately notified in writing as to the nature and

4

specifics of the dispute. Immediate arbitration shall be requested. The arbitrator shall have no authority to consider any matters other than those specifically presented to him by the parties to the dispute. Any time limits provided for in the procedure set forth in this article may be waived or extended by mutual agreement between the Union and the Employer.

F.     Each party to this agreement shall bear the expenses of preparing and presenting its own case. The fees and expenses of the arbitration shall be borne equally by the parties hereto. Any stenographic record or transcript shall be paid for by the party or parties ordering the transcript.

G.     The decision or aware of the impartial arbitrator so selected shall be final and binding upon all parties.

Section 1.5  Agreement Amendments.

This Agreement shall be subject to amendment at any time by mutual consent of the parties hereto. Any such amendment agreed upon shall be reduced to writing and signed by the representatives of the parties hereto.

## ARTICLE II

Section 2.1 Non-Contracting by Employees.

A.    Employees, except those meeting the requirements of "Employer" as defined herein, shall not contract for any work as set forth under the "Scope of Work" of this Agreement.

B.    Any employee, working under the terms of this Agreement, holding an active contractor's license covering the scope of work as set forth in this Agreement, shall inactivate their license in accordance with Section 7076.5 of the Business and Professions Code (State of California).

Section 2.2 Equal Terms.

The Union agrees that if during the life of this Agreement it grants to any other Employer performing work as set forth under the scope of work of this Agreement any better terms or conditions than those set forth in this Agreement, such better terms or conditions shall be made available to the Employer under this Agreement, and the Union shall immediately notify the Employer of any such concessions.

Section 2.3 New Employees.

When new or additional bargaining unit employees are needed, the Employer shall notify the Union of the number of such employees required and the Union shall have equal opportunity with all other sources to refer suitable applicants for the vacancies to be filled. The Employer shall be the sole judge of any applicant's qualifications and shall reserve the right to hire or reject any applicant for employment referred by the Union or referred by any other source. When new or additional bargaining unit employees are hired under the terms of this Agreement, the individual Employer shall, within seven (7) calendar days from the date of hire, notify the Union of the name or names, social security number(s), employee(s) mailing address(es) and telephone number(s) of all persons so hired.

Section 2.4 Union Membership.

It shall be a condition of employment that all employees of the Employers covered by this Master Agreement shall remain members in good standing, and all persons hereinafter employed under this Master Agreement shall on the seventh (7th) calendar day following the beginning of their employment become and thereafter remain members in good standing in the Union.

The Employer, upon written request of the Union, shall discharge any employee, within three (3) working days after receipt of such notice, who fails to tender the periodic dues, assessments and initiation fees uniformly required by the Union as a condition acquiring or retaining membership in the Union. If the Union has notified the Employer in writing prior to the expiration of the three (3) days that the employee has paid the amounts owing, the discharge shall not take place.

The Employer agrees to deduct and forward to the Financial Security of the Union, upon receipt of voluntary written authorization, the working dues from the pay of each Union member. The amount deducted shall be the amount specified in the approved Union Bylaws.

Section 2.5 Employer Defined.

Certain qualifications, knowledge, experience and financial responsibility are required of everyone desiring to be an Employer under the terms of this Agreement. Therefore, an Employer who contracts for such work is a person, firm or corporation having these qualifications and maintaining a permanent place of business, a business telephone and adequate tools, equipment and inventory. The Employer shall maintain a suitable financial status to meet payroll requirements, and be licensed by the State, where appropriate, for the scope of work as set forth in this Agreement.

Section 2.6 Mutual Assistance.

This Agreement does not deny the right of the Union or its representatives to render assistance to other labor organizations by removal of its members from jobs when necessary and lawful. When the Union or its proper representatives decides to do so, however, no such removal shall take place until notice is given to the Employer involved, at least twenty-four (24) hours in advance of such removal.

7

Section 2.7  Union Access.

Representatives of the Union shall be allowed access to any shop or job at any reasonable time where employees are employed under the terms of this Agreement, provided such representative first reports to the responsible management employee.

Section 2.8  Inspection of Records.

The representative of the Union and/or the representative of the Employer, if there is any question, shall have the authority to inspect the individual Employer's payroll and associated work records as to times and pay of an employee and to verify employee(s) mailing addresses and telephone numbers.

Section 2.9  Safety.

All work shall be performed in a safe and proficient manner in accordance with applicable law and the individual Employer's established rules and policies.

Section 2.10  Uniforms.

When the Employer requires that the employee wear identical clothing as to style or fashion, the Employer shall furnish same..

Section 2.11  Tools.

Employees under this Agreement shall not be required to furnish power or special tools or test equipment. except as listed on the attached tool list (Addendum E).  Employees shall not use the Employer's property such as tools, parts, test equipment and transportation for other than the Employer's business, except as may herein be provided.  If any employee, through negligence, damages, destroys or loses the Employer's tools or equipment, the employee shall repair, replace or compensate the Employer for such loss or damages sustained.  If a cordless drill originally purchased by the employee breaks while performing for the employer, the employer will repair or replace the drill at their option.

8

Section 2.12  External Work Activity.

No employee covered by this Agreement shall, while in the employ of any Employer, engage in work as set forth under the scope of work of this Agreement, other than that assigned by the Employer, except in an emergency to preserve life or property.

Section 2.13  Work by Management Employee.

No more than one (1) designated management employee of each respective Employer signature to this Agreement shall engage in any work as set forth under the scope of work of this Agreement and then only when such Employer is continuously employing at least one additional employee under the terms of this Agreement.

Section 2.14  Employee Complaint.

The Employer agrees that he shall not dismiss or otherwise discriminate against any employee for making a complaint or giving evidence, in good faith, with respect to an alleged violation of any provision of this Agreement.

Section 2.15  Management Rights.

The Union recognizes and understands that the Employer is responsible to perform the work in accordance with the specifications, orders and/or contract with the owner or other party requiring the Employer's service.  The Employer shall therefore have no restrictions in planning, directing and controlling the operation of his work, in deciding the number and kind of employees to properly perform the work, in hiring and laying off employees, in transferring employees from job to job, in determining the need and number of employees as well as the person who will act as foreman, in requiring all employees to observe the Employer's and/or owner's rules and regulations and all other such Management prerogatives not inconsistent with this Agreement.

Section 2.16  Recognition.

9

The   union is recognized as the sole collective bargaining agency for the employees employed in the classifications covered under this Agreement.  The Union reserves the right to discipline its members for violations of its law, rules and agreements.

Section 2.17  Scope of Work.

The work covered by this Agreement shall include all work in connection with the installation, maintenance, service and testing of all apparatus and interconnecting cables, including fiber optics and/or ethereal aid associated with systems utilizing the transmissions and/or transference of voice, sound, video, digital and any other type of signals for commercial, educational, security and entertainment purposes, including but not limited to the following:  access systems, alarm, monitoring and surveillance, background-foreground music, clocks, computerized systems, drive-thru food systems, energy management systems, fire, life safety and support system, fuel management systems, gas protection and detection systems, instrumentation systems, intercom and telephone interconnect, inventory control systems, light optics systems, micro wave transmission, multi media, multiplex, nurse call systems, professional entertainment systems, radio page, school intercom and sound, sound masking, sound reinforcement, systems cabling, teleconference and satellite, televisions systems, theater and board room control systems and video systems within the United States of America.

10

## ARTICLE III

Section 3.1  Seniority.

The Employer and the Union accept seniority in layoffs and rehiring and agree that length of continuous service shall govern, provided, however, that seniority shall not be interpreted to require the Employer to retain a senior employee who cannot perform the work required.  Seniority shall be applied by job classification:  i.e., technician, installer and apprentice.

Section 3.2  Probationary Period.

The first three (3) months of a Technician or installer's employment, with a specific Employer signatory to this Agreement, shall be a probationary period.  During the probationary period such employee shall not accumulate seniority.  Upon completion of three (3) consecutive months employment, as provided herein, the Technician or Installer shall be credited, for seniority purposes, from the date of his employment with the specific Employer.  The first six (6) consecutive months of employment by an apprentice Technician or Apprentice Installer with a specific Employer signature to this Agreement shall be a probationary period.  During the probationary period such employees shall not accumulate seniority.  Upon completion of six (6) consecutive months employment, as provided herein, the Apprentice Technician or Apprentice Installer shall be credited, for seniority purposes, from the date of employment with the specific Employer.  Other than provided herein, no other employee shall be credited with seniority.

Section 3.3  Termination of Seniority.

Seniority shall be terminated by:

A.    Discharge for cause.

B.    Voluntary quit.

C.    Twelve (12) consecutive months inability to perform work, as set forth in this

11

Agreement, with the last Employer of record, because of involuntary lay-off or because of medical or personal reasons. No employee may hold seniority concurrently with two or more Employers. Seniority shall be determined by the employee's last Employer of record.

D.    Failure of a laid off Employee to report to work within forty-eight (48) hours after the notice of recall is sent to the last address supplied by the Employee to the Employer.

Section 3.4  Discharge for Cause.

The Employer has the right to discharge any Employee for just cause. When a regular Employee is so discharged, the Employer shall promptly notify the union in writing to that effect. No such notice shall be required in the case of a layoff. If any regular Employee with seniority feels he has been unjustly discharged, he shall have the right to appeal his case to the Adjustment Board through the Union. Such appeals must be filed in writing by the Union within seven (7) calendar days from the date the Union is notified by the Employer of such discharge and, unless so filed, the right of appeal is lost.

12

## ARTICLE IV

### Hours, Working Conditions and Wage Payment

Section 4.1  Work Day – Work Week Hours.

Eight (8) consecutive hours work between the hours of 5:00 A.M. and 5:30 P.M. (excluding a meal period of not less than one-half (1/2) hour nor more than one (1) hour) shall constitute a work day.  Forty (40) hours within five (5) days, Monday through Friday, shall constitute the work week.

Section 4.2  Shift Work

When so elected by the Employer, multiple shifts may be worked.  When two (2) shifts are worked, the following conditions shall apply:

A.    The first shift (day shift) shall be 5am-1:30pm, 6am-2:30pm, 7am-3:30pm, 8am-4:30pm or 9am-5:30pm.  Employees on this shift shall receive eight (8) hours pay at the regular hourly rate for eight (8) hours work.

B.    The second shift shall be any shift worked outside the designated day shift listed under paragraph "A". Employees on the second shift shall receive eight (8) hours pay at the regular hourly rate plus ten percent (10%) for eight (8) hours work.

C.    A lunch period of thirty (30) minutes shall be allowed.

D.    All overtime work required after the completion of a regular shift (eight (8) hours) shall be paid at one and one-half (1-1/2) times the "shift" hourly rate.

E.    There shall be no pyramiding of overtime rates, and two (2) times the straight time rate shall be the maximum compensation for any hour worked.

F.    There shall be no requirement for a first shift when the second shift is worked.

13

Section 4.3  Overtime and Penalty Rates.

    A.      All work performed outside the regular scheduled working hours shall be paid at one and one-half (1-1/2) times the regular rate of pay (except as provided under Section 4.2).

    B.      Work performed on the holidays set forth under Section 4.9 shall be at two times the regular rate of pay including the holiday pay afforded under Section 4.9.

    C.      Work performed on Sundays or the seventh (7th) consecutive day shall be at two (2) times the regular rate.

Section 4.4  Special Work Week (Tuesday through Saturday).

Each Employer shall be allowed to schedule one (1) employee or a ratio of one (1) employee to ten (10) employees (or fraction thereof), for maintenance, service calls and/or shop work at the straight time rate of pay.  Employees so assigned shall have Sunday and Monday as their days off.

Section 4.5  Report Time.

All employees who are called by the Employer to work on any day other than their regularly scheduled day off or a holiday, and who do so at the specified time, shall receive a minimum of four (4) hours work, or if four (4) hours is not furnished, a minimum of four (4) hours pay at the straight time rate except in emergencies beyond the control of the Employer.

Section 4.6  Callback.

An employee recalled for duty after the completion of his normal shift for the day shall receive pay in accordance with the provisions of Section 4.3 for the number of hours worked on such recall; however, an employee so recalled shall receive an amount of no less than an amount equal to his straight time hourly rate of pay for two (2) hours.  The period of recall shall begin with the time of the employee leaving his home until the time of his return.

Section 4.7  Wages.

14

Wages shall be as per Addendum "A" attached hereto and made part of this Agreement. Wages shall be paid weekly and no more than three (3) days wages shall be withheld.

By mutual consent of the individual employer and employee, wages may be mailed to an addressee designated by the employee. When an employer has deposited, in the U.S. Mail with proper postage and addressed to the addressee designated by the employee, wages then due and payable, then such employer is deemed to have meet the requirements of this section.

Section 4.8 Holidays.

The following nine (9) holidays shall be observed: New Year's Day, Presidents Day, Memorial Day, Fourth of July, Labor Day, Thanksgiving Day, day after Thanksgiving Day, Christmas Day, and a Floating Day to replace Veterans Day.

Section 4.9 Holiday Payment.

All employees who have worked continuously for ninety (90) days or more, for the same Employer, shall receive eight (8) hours pay at the employee's straight time hourly rate for each of the holidays as set forth under Section 4.8, even though no work is performed on the above listed holidays.

Section 4.10 PTO (Paid Time Off

The right to PTO shall vest annually as follows:

A.     PTO benefits begin on the first day of employment. PTO benefits for employees with less than five (5) years continuous service with the same employer will accrue PTO at the rate of 1.54 hours per 40 hour pay period, which is equivalent to two (2) weeks per year.

B.     After five (5) years of continuous service with the same Employer and each year thereafter you will accrue 2.31 hours of PTO for every 40 hours worked which is equivalent to three (3) weeks per year.

15

Section 4.11  PTO Period.

The employee may schedule PTO at anytime within the calendar year after such employee is eligible for a PTO period provided that such dates of PTO have been mutually agreed between the employee and Employer.

Section 4.12  Scheduling of PTO

PTO shall be scheduled strictly according to seniority.  An employee shall not be compelled to take split PTO, but if he elects to do so, his first choice shall be on the basis of seniority and his second choice on the basis of availability.  PTO schedules shall be posted.

Section 4.13  PTO Payment.

An employee upon request shall be tendered immediately prior to his PTO full pay for the period of PTO.  An employee who resigns, is laid off or discharged will at the time of his termination receive on a pro rata basis the full PTO allowance for that year accrued to the end of the month preceding his termination.  In the case of the death of an employee, the full PTO pay accrued will be paid to his executor or other legal heirs.

Section 4.14  Bereavement Leave.

In the event of a death in the immediate lawful family of an employee who has one (1) or more years of continuous service with the same Employer, shall upon request, be granted such time off with pay as is necessary to make arrangements for the funeral and/or attend same, not to exceed three (3) regular scheduled working days, provided, however, if the funeral takes place more than 500 air miles from the Employer's business office, then up to four (4) days with pay will be granted. This provision does not apply if the death occurs during the employee's paid time off or while the employee is on leave of absence..

For the purpose of this provision, the immediate family shall be restricted to father, mother, sister, brother, spouse, child, mother-in-law, father-in-law, grandparents, grandchildren, Domestic

16

Partner, and Domestic Partner parents. At the request of the Employer, the employee shall furnish a death certificate and proof of relationship.

Section 4.15  Health and Welfare.

The hospital, medical, and dental insurance programs provided by this Agreement are set forth in Addendum "B" attached hereto and made a part hereof.

Section 4.16  Failure to Remit Contributions.

Individual Employers who fail to remit contributions as required by this Agreement shall upon seventy-two (72) hours' notice (except Sundays and Holidays), by registered mail given by the union, be subject to having their employees removed until such time as compliance is made.

17

Section 4.17  Non-Liability for Benefits.

It is mutually understood and agreed that Employer contributions made to the Individual Retirement Account, Health and Welfare Plans and/or other fringe benefit programs created pursuant to this Agreement do not obligate the Employers, singularly or collectively, to any liability as respects benefits, but that the Employer's sole responsibility is to make such contributions as may herein be required.

Section 4.18  Apprenticeship and Journeyman Training Trust.

Each individual Employer signatory to this Agreement shall pay an amount equal to one-tenth percent (1/10%) of his gross monthly payroll covering all work under the terms of this Agreement to the Electronic and Communications Systems Joint Apprenticeship and Training Trust.  Such monies shall be paid to the Electronic and Communications Systems Joint Apprenticeship and Training Trust on or before the fifteenth (15th) days of the month succeeding the month in which work was performed.  The Employer agrees to be bound by the terms of the Electronic and Communications Systems Joint Apprenticeship and Training Trust as established, and as it may from time to time be amended.  Contributions shall be made to the Electronic and Communications Systems Joint Apprenticeship and Training Trust, P. O. Box 3673, Walnut Creek, CA 94598.  Contributions received after the twentieth (20th) day of the month succeeding the month in which work was performed shall be deemed delinquent and the Employer agrees to pay an amount equal to ten percent (10%) of such delinquent amounts as liquidated damage.  Additionally, the Employer agrees to pay all costs, including attorney and legal costs, which the Trustees may incur in collecting, from such delinquent Employers, monies due and owing to the Trust.  In the event the revenues from the Trust should drop below Five Thousand Dollars ($5,000.00), the Employer agrees to increase his monthly contribution to one-half percent (1/2%) for the duration of this contract.

18

**ARTICLE V**

Section 5.1  Travel Time.

Wages shall be paid for all time in going from shop to the job, from the job to the shop and from job to job.

Section 5.2  Use of Employee Vehicle.

When an Employer authorizes an employee to use his personal vehicle and the employee is willing to so use it in connection with the Employer's business, the employee shall be paid the prevailing standard IRS mileage rate for each mile driven by the employee.

Section 5.3  Subsistence.

When it becomes necessary that an employee remain away overnight from the Employer's place of business, at the direction of the Employer, then such employee shall receive either the round trip mileage expense as set forth under Section 5.2 above or the actual expenses incurred in such transportation required, whichever is less.  Additionally, such employee remaining away overnight, at the Employer's direction shall receive reimbursement for such food and lodging expenses incurred and supported by appropriate receipts not to exceed $75.00 per day.

## ARTICLE VI

### Section 6.1 Separability.

Should any provision of this Agreement be declared illegal by any Court of competent jurisdiction, such provision shall immediately become null and void, leaving the remainder of the Agreement in full force and effect, and the parties shall thereupon seek to negotiate substitute provisions which are in conformity with the applicable laws.

In witness whereof, the parties hereto have executed this Agreement this 1st day of December, 2016.

NATIONAL ELECTRONIC SYSTEMS
TECHNICIANS UNION

By _____
John E. Sparrer

RFI COMMUNICATIONS AND
SECURITY SYSTEMS

By _____
Brad Wilson

**Addendum "A"**

1.    Communications and Systems Installers:

    A.    Effective December 1 2016, the straight time rate shall be $25.97.

    B.    Effective December 1, 2017, the straight time rate shall be $27.01.

    C.    Effective December 1, 2018, the straight time rate shall be $28.01.

    D.    Effective December 1, 2019, the straight time rate shall be $29.13.

2.    Communications and Systems Technicians

    A.    Effective December 1, 2016, the straight time rate shall be $31.68.

    B.    Effective December 1, 2017, the straight time rate shall be $32.95.

    C.    Effective December 1, 2018, the straight time rate shall be $34.27.

    D.    Effective December 1, 2019, the straight time rate shall be $35.64.

3.    Senior Communications and Systems Technician

    A.    Effective December 1, 2016, the straight time rate shall be $36.46.

    B.    Effective December 1, 2017, the straight time rate shall be $37.92.

    C.    Effective December 1, 2018, the straight time rate shall be $39.44.

    D.    Effective December 1, 2019, the straight time rate shall be $41.02.

4.    The employer agrees to a 2% wage increase beginning December 1st per annum for the term of the agreement for those employees who are receiving over scale hourly wages.

5.    Apprentices:

A.    The following percentages of Communications and Systems Installers or Technicians wage rate shall be applicable December 1, 2016:

Continuous Employment

| | |
|---|---|
| 1st 6 months | 40% |
| 2nd 6 months | 50% |
| 3rd 6 months | 60% |
| 4th 6 months | 65% |
| 5th 6 months | 70% |
| 6th 6 months | 75% |
| 7th 6 months | 80% |
| 8th 6 months | 90% |
| Thereafter | 100% |

B.    In order to qualify for the Apprentice Installer semi-annual percentage increases set forth above, all Apprentices must attend a one-day seminar approved by the Union during each six (6) month period.

C.    In order to qualify for the apprentice Technician semi-annual percentage increases set forth above, all Apprentices must register, attend, and complete a joint Apprenticeship Training Committee- approved course where offered during each six (6) month period.

22

## Addendum "B"

1.    During the term of this agreement, the Employer, between the first (1st) and the fifteenth (15th) of each month, shall contribute funds on behalf of the eligible Employee and their eligible dependent(s) to maintain the level of medical and dental coverage in effect at the time of signing of this agreement.  In addition, said Employer will bear any increases in premiums for the term of said agreement.

2.    Employees will become eligible for participation in the program on the first of the month following their date of hire.  In order to retain eligibility for benefits in any month following achievement of initial eligibility, an Employee must have worked or been paid for eighty (80) hours or more in the preceding calendar month.

## Addendum "C"
## NEW HIRES

All new bargaining unit employees shall attend a one (1) hour orientation meeting at the Union Hall, located at 1701 Little Orchard Street, San Jose, California 95125, on the second (2nd) Tuesday of each month at 3:00 PM. The orientation will address Union Membership, Union history, the Joint Apprenticeship Training Committee, and any questions your Employee may have regarding the Union. On the Friday prior to the scheduled orientation meeting, the Employer shall Fax to the Union Hall at 408-279-1449 or Email to lorna.sparrer@sbcglobal.net, a list of the names of the new bargaining unit employees who will be attending the orientation meeting.

24

## Addendum "D"

Individual Employees may elect to reduce their hourly wage rate in increments of Twenty-Five Cents ($.25) to a maximum of One Dollar ($1.00) per hour.

The Employer agrees to withhold, at the Employee's request, up to $1.00 per hour pre-taxed funds from the Employee's wages and to forward said funds each month to the IRA account of the Employee.

25

EXHIBIT E

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA**
**191 N. FIRST STREET**
**SAN JOSE, CA 95113-1090**

E-FILED
3/7/2018 9:34 AM
Clerk of Court
Superior Court of CA,
County of Santa Clara
18CV324215
Reviewed By: R. Walker
Envelope: 1285259

TO:   FILE COPY

RE:               **Peters v. RFI Enterprises, Inc.**
CASE NUMBER:      **18CV324215**

### ORDER DEEMING CASE COMPLEX AND STAYING DISCOVERY

WHEREAS, the Complaint was filed by Plaintiff **BRIAN PETERS** ("Plaintiff") in the Superior Court of California, County of Santa Clara, on **March 5, 2018** and assigned to Department **1** (Complex Civil Litigation), the **Honorable Brian C. Walsh** presiding, pending a ruling on the complexity issue;

IT IS HEREBY ORDERED that:

The Court determines that the above-referenced case is **COMPLEX** within the meaning of California Rules of Court 3.400. The matter remains assigned, for all purposes, including discovery and trial, to Department **1** (Complex Civil Litigation), the **Honorable Brian C. Walsh** presiding.

The parties are directed to the Electronic Filing and Service Standing Order and to the Complex Civil Guidelines, copies of which may be downloaded from the Court's website.

Electronic service under this Order shall be construed by the Court and all parties to be equivalent to personal service. The two court days extension of time for electronic service under CCP § 1010.6(a)(4) does not apply. Any document for which service has not been completed by 5:00 p.m. is deemed served the following business day.

All parties are hereinafter ordered to submit to the Court's E-Filing website digital copies of all documents that were previously manually filed prior to the entry of this Order.

Pursuant to California Rules of Court, Rule 3.254, the creation and maintenance of the Master Service List shall be under the auspices of (1) Plaintiff **BRIAN PETERS**, as the first-named party in the Complaint, and (2) the first-named party in each Cross-Complaint, if any.

Pursuant to Government Code section 70616(c), each party's complex case fee is due within ten (10) calendar days of this date.

Plaintiff shall serve a copy of this Order on all parties forthwith and file a proof of service within seven (7) days of service.

Any party objecting to the complex designation must file an objection and proof of service within ten (10) days of service of this Order. Any response to the objection must be filed within seven (7) days of service of the objection. The Court will make its ruling on the submitted pleadings.

The Case Management Conference remains set for **July 6, 2018 at 10:00 a.m. in Department 1** and all counsel are ordered to attend in person.

Counsel for all parties are ordered to meet and confer in person at least 15 days prior to the First Case Management Conference and discuss the following issues:

1

1. Issues related to recusal or disqualification;
2. Issues of law that, if considered by the Court, may simplify or further resolution of the case, including issues regarding choice of law;
3. Appropriate alternative dispute resolution (ADR), for example, mediation, mandatory settlement conference, arbitration, mini-trial;
4. A plan for preservation of evidence and a uniform system for identification of documents throughout the course of this litigation;
5. A plan for document disclosure/production and additional discovery; which will generally be conducted under court supervision and by court order;
6. Whether it is advisable to address discovery in phases so that information needed to conduct meaningful ADR is obtained early in the case (counsel should consider whether they will stipulated to limited merits discovery in advance of certification proceedings), allowing the option to complete discovery if ADR efforts are unsuccessful;
7. Any issues involving the protection of evidence and confidentiality;
8. The handling of any potential publicity issues;

Counsel for Plaintiff is to take the lead in preparing a Joint Case Management Conference Statement to be filed 5 calendars days prior to the First Case Management Conference, and include the following:

1. A Statement as to whether additional parties are likely to be added and a proposed date by which all parties must be served;
2. Service lists identifying all primary and secondary counsel, firm names, addresses, telephone numbers, email addresses and fax numbers for all counsel;
3. A description of all discovery completed to date and any outstanding discovery as of the date of the conference;
4. Applicability and enforceability of arbitration clauses, if any;
5. A list of all related litigation pending in other courts, including Federal Court, and a brief description of any such litigation, and a statement as to whether any additional related litigation is anticipated (CRC 3.300);
6. A description of factual and legal issues – the parties should address any specific contract provisions the interpretation of which may assist in resolution of significant issues in the case;
7. The parties' tentative views on an ADR mechanism and how such mechanism might be integrated into the course of the litigation;
8. Whether discovery should be conducted in phases or limited; and if so, the order of phasing or types of limitations of discovery. If this is a class action lawsuit, the parties should address the issue of limited merits discovery in advance of class certification motions.

To the extent the parties are unable to agree on the matters to be addressed in the Joint Case Management Conference Statement, the positions of each party or of various parties should be set forth separately and attached to this report as addenda. The parties are encouraged to propose, either jointly or separately, any approaches to case management they believe will promote the fair and efficient handling of this case. The Court is particularly interested in identifying potentially dispositive or significant threshold issues the early resolution of which may assist in moving the case toward effective ADR and/or a final disposition.

If this is a class action lawsuit, a copy of the Court's Guidelines for Motions relating to Class Certification is attached to this Order. The Court may set a briefing schedule for Plaintiff's class certification motion at the time of the conference.

Pending further order of this Court, the service of discovery and the obligation to respond to any outstanding discovery is stayed. However, Defendant(s) shall file a Notice of Appearance for

2

purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance shall be without prejudice to the later filing of a motion to quash to contest jurisdiction. Parties shall not file or serve responsive pleadings, including answers to the complaint, motions to strike, demurrers, motions for change of venue and cross-complaints until a date is set at the First Case Management Conference for such filings and hearings.

This Order is issued to assist the Court and the parties in the management of this "Complex" case through the development of an orderly schedule for briefing and hearings. This Order shall not preclude the parties from continuing to informally exchange documents that may assist in their initial evaluation of the issues presented in this Case.

Plaintiff shall serve a copy of this Order on all the parties in this matter forthwith.

SO ORDERED.

Date: _March 6, 2018_

_____
Hon. **Brian C. Walsh**
Judge of the Superior Court

If you, a party represented by you, or a witness to be called on behalf of that party need an accommodation under the American with Disabilities Act, please contact the Court Administrator's office at (408) 882-2700, or use the Court's TDD line, (408) 882-2690 or the Voice/TDD California Relay Service, (800) 735-2922.

3

EXHIBIT F

ROBERT K. CARROL (SBN 81277)
PAUL R. LYND (SBN 202764)
LYNN R. FIORENTINO (SBN 226691)
**ARENT FOX LLP**
55 Second Street, 21st Floor
San Francisco, CA 94105
Telephone:    415.757.5500
Facsimile:    415.757.5501
Email:        robert.carrol@arentfox.com
              paul.lynd@arentfox.com
              lynn.fiorentino@arentfox.com

KURT E. WILSON, ESQ. (121163)
ROGER M. MASON, ESQ. (107486)
**SWEENEY, MASON, WILSON & BOSOMWORTH**
A Professional Law Corporation
983 University Avenue, Suite 104C
Los Gatos, CA 95032-7637
Telephone:    408.356.3000
Facsimile:    408.354.8839
E-mail:       rmason@smwb.com
              kwilson@smwb.com

Attorneys for Defendant
RFI Enterprises, Inc.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| BRIAN PETERS, an individual,<br><br>                    Plaintiff,<br><br>        v.<br><br>RFI ENTERPRISES, INC., a California corporation; and DOES 1 through 50, inclusive,,<br><br>                    Defendants. | CASE NO.  18CV321750<br><br>**DEFENDANT RFI ENTERPRISES, INC.'S ANSWER TO PLAINTIFF'S PRIVATE ATTORNEYS GENERAL ACT COMPLAINT** |

Defendant RFI Enterprises, Inc. ("RFI") answers, with affirmative defenses, the unverified Private Attorneys General Act Complaint ("Complaint") filed by Plaintiff Brian Peters as follows:

## GENERAL DENIAL

Pursuant to Code of Civil Procedure section 431.30, subdivision (d), RFI generally denies each and every allegation in the Complaint, and further denies that Plaintiff, or anyone else, has sustained any violation or been damaged, or that he or anyone else is entitled to any recovery, in any amount, or at all, as a result of the conduct alleged.

## AFFIRMATIVE DEFENSES

AS A FIRST, SEPARATE, AND AFFIRMATIVE DEFENSE, RFI alleges that all or portions of the Complaint are barred by the applicable statute of limitations, including, but not limited to, Code of Civil Procedure section 340, subdivisions (a) and (b) with respect to the First Cause of Action.

AS A SECOND, SEPARATE, AND AFFIRMATIVE DEFENSE, RFI alleges that each and every claim in Plaintiff's Complaint, based on California law, is preempted by Section 301 of the federal Labor Management Relations Act.

AS A THIRD, SEPARATE, AND AFFIRMATIVE DEFENSE, RFI alleges that Plaintiff's claims are barred, in whole or in part (including, but not limited to, with respect to the alleged underlying violations), because they are subject to arbitration under the collective bargaining agreement between RFI and the Union, with Plaintiff having failed to pursue or exhaust that dispute resolution process.

AS A FOURTH, SEPARATE, AND AFFIRMATIVE DEFENSE, RFI alleges that, to the extent Plaintiff bases his claims on an alleged failure to timely pay wages, Plaintiff's claim is barred under the collective bargaining agreement exemption in Labor Code section 204, subdivision (c).

AS A FIFTH, SEPARATE, AND AFFIRMATIVE DEFENSE, RFI alleges that, to the extent Plaintiff bases his claims on an alleged failure to pay overtime wages, Plaintiff's claim is barred because he was exempt from California's overtime requirements pursuant to the collective bargaining overtime exemption in Labor Code section 514 and the applicable California Industrial Welfare Commission wage order.

- 2 -

AS A SIXTH, SEPARATE, AND AFFIRMATIVE DEFENSE, RFI alleges that, to the extent Plaintiff bases his claims on an alleged failure to provide itemized wage payment statements as required by Labor Code section 226, such claim is barred, in whole or in part, because any violation of Labor Code section 226, subdivision (a) was not a knowing or intentional failure.

AS A SEVENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, RFI alleges that Plaintiff failed to properly exhaust his administrative prerequisites for suit, bars all or portions of Plaintiff's claims for relief alleged in the Complaint, in whole or in part.

AS AN EIGHTH, SEPARATE, AND AFFIRMATIVE DEFENSE, RFI alleges Plaintiff lacks standing to sue, or the legal capacity to bring and pursue his claims, with respect to all or portions of his claims as alleged in the Complaint.

AS A NINTH, SEPARATE, AND AFFIRMATIVE DEFENSE, RFI alleges that, in the event that the Court certifies any class or subclass in this case, RFI asserts the above affirmative defenses against each and every member of any certified class or subclass.

## **PRAYER**

WHEREFORE, RFI prays that:

1.      Plaintiff and the putative class members take nothing by reason of the Complaint;

2.      The Complaint be dismissed with prejudice;

3.      Judgment be entered against Plaintiff and in favor of RFI in this action; and

4.      The Court awards RFI such other and further relief as the Court deems just and proper in the circumstances.

Dated:      May 9, 2018                    **ARENT FOX LLP**

By: _____

ROBERT K. CARROL
PAUL R. LYND
LYNN R. FIORENTINO
Attorneys for Defendant
RFI ENTERPRISES, INC.

- 3 -

*RFI v. Peters*
*Case No.: 18CV321750*

## PROOF OF SERVICE

I am a citizen of the United States. My business address is Arent Fox LLP, 55 Second Street, 21st Floor, San Francisco, California 94105. I am employed in the County of San Francisco where this service occurs. I am over the age of 18 years, and not a party to the within cause.

On the date set forth below, according to ordinary business practice, I served the foregoing document(s) described as:

> DEFENDANT RFI ENTERPRISES, INC.'S ANSWER TO PLAINTIFF'S PRIVATE ATTORNEYS GENERAL ACT COMPLAINT

☐ (BY FAX) I transmitted via facsimile, from facsimile number 213.629.7401, the document(s) to the person(s) on the attached service list at the fax number(s) set forth therein, on this date before 5:00 p.m. A statement that this transmission was reported as complete and properly issued by the sending fax machine without error is attached to this Proof of Service.

☐ (BY CASE ANYWHERE ELECTRONIC SERVICE) I electronically served the foregoing document(s) through CASE ANYWHERE on the person(s) on the attached service list.

☒ (BY MAIL) I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business. On this date, I placed the document(s) in envelopes addressed to the person(s) on the attached service list and sealed and placed the envelopes for collection and mailing following ordinary business practices.

☐ (BY PERSONAL SERVICE) On this date, I delivered by hand an envelope(s) containing the document(s) to the persons(s) on the attached service list.

☐ (BY OVERNIGHT DELIVERY) On this date, I placed the documents in envelope(s) addressed to the person(s) on the attached service list, and caused those envelopes to be delivered to an overnight delivery carrier, with delivery fees provided for, for next-business-day delivery to whom it is to be served.

☒ (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 9, 2018, at Los Angeles, California.

_____
Crystal Marshall

## SERVICE LIST

Larry W. Lee
Kristen M. Agnew
Nicholas Rosenthal
Kwanporn Tulyathan
Diversity Law Group, P.C.
515 S. Figueroa Street, Suite 1250
Los Angeles, CA  90071

*Attorneys for Attorneys for Plaintiff*
Brian Peters

William L. Marder
Polaris Law Group LLP
501 San Benito Street, Suite 200
Hollister, CA  95023

*Attorneys for Attorneys for Plaintiff*
Brian Peters

Kurt E. Wilson
Roger M. Mason
Sweeney, Mason, Wilson & Bosomworth
983 University Avenue, Suite 104C
Los Gatos, CA  95032

*Attorneys for Attorneys for Defendant*
RFI Enterprises, Inc.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

PROOF OF SERVICE

AFDOCS/11046620.1